UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

REXINA SMITH　　　　　　　　　　　　　　　　CIVIL ACTION

VERSUS　　　　　　　　　　　　　　　　　　　NO. 13-194-SDD-RLB

WINN DIXIE MONTGOMERY, LLC
and HEWITT LEE

**RULING**

This matter is before the Court on the *Motion for Partial Summary Judgment*[1] filed by the Plaintiff, Rexina Smith ("Plaintiff"), and the *Motion for Summary Judgment*[2] filed by the Defendants, Winn-Dixie Montgomery, LLC and Hewitt Lee ("Defendants"). The parties have filed *Oppositions* to the respective motions.[3] For the reasons which follow, the Court finds that there are material issues of fact in dispute, and the motions by Plaintiff and Defendant Winn-Dixie should be denied. The motion by Defendant Hewitt Lee should be granted.[4]

**I.　FACTUAL BACKGROUND**

In March of 2012, Plaintiff was shopping at the Winn-Dixie store on Greenwell Springs Road in Baton Rouge, Louisiana. Plaintiff claims she suffered injuries after she allegedly slipped and fell in a puddle of liquid which allegedly came from a cooler in the freezer section of the store. Plaintiff claims that the Defendant, through its employees,

---

[1] Rec. Doc. No. 13.

[2] Rec. Doc. No. 21.

[3] Rec. Doc. Nos. 17 & 23.

[4] Because Defendant Hewitt Lee will be dismissed from this action, the Court's references in this opinion to the "Defendant" will refer to Winn-Dixie alone unless otherwise stated.

Doc#1630　　　　　　　　　　　　1

failed to comply with Louisiana premises liability law by failing to exercise reasonable care to keep aisles, passageways, and floors in a reasonably safe condition, and failed to exercise reasonable care after it knew or should have known of the hazardous condition. Plaintiff moves for partial summary judgment on the issue of liability.

The Defendant disputes Plaintiff's claims and also moves for summary judgment. Defendant contends Plaintiff cannot carry her burden of proof under the applicable law because she cannot establish that the Defendant was the source of the substance on the floor or that the Defendant had actual or constructive notice of the substance. Also, the Defendant argues Plaintiff cannot establish that it failed to exercise reasonable care to keep its premises safe and clear of foreign substances. Finally, Defendant Hewitt Lee moves for summary judgment offering evidence that he was not present or even working at the Greenwell Springs Winn-Dixie on the date of Plaintiff's accident.

Because factual disputes abound in this case, the Court finds that summary judgment is not proper. The law and jurisprudence are clear that it is the jury's role to determine whether there was a substance on the floor and whether that substance, if present, was an "unreasonable risk of harm." These genuine issues of material fact preclude summary judgment in this matter. However, because Plaintiff failed to oppose or dispute the motion by Defendant Hewitt Lee, the Court finds from the uncontroverted evidence presented, that Hewitt Lee's motion for summary judgment is GRANTED.

II.  **LAW AND ANALYSIS**

    A.  **Summary Judgment Standard**

Summary judgment should be granted if the record, taken as a whole, "together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5]  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[6]  A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[7]  If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response."[8]

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial.[9]  The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence.[10]  Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence

---

[5] Fed. R. Civ. P. 56(c); *New York Life Ins. Co. v. Travelers Ins. Co.*, 92 F.3d 336, 338 (5th Cir. 1996); *Rogers v. Int'l Marine Terminals, Inc.*, 87 F.3d 755, 758 (5th Cir. 1996).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  *See also Gunaca v. Texas*, 65 F.3d 467, 469 (5th Cir. 1995).

[7] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (*quoting Celotex*, 477 U.S. at 323-25, 106 S.Ct. at 2552).

[8] *Id.* at 1075.

[9] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1046-47 (5th Cir. 1996).

[10] *Little*, 37 F.3d at 1075;  *Wallace*, 80 F.3d at 1047.

of contradictory facts."[11] The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[12] Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial.[13]

### B. The Louisiana Merchant Liability Statute - La. Rev. Stat. Ann. § 9:2800.6

The Louisiana Merchant Liability Statute[14] provides:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup

---

[11] *Wallace*, 80 F.3d at 1048 (*quoting Little*, 37 F.3d at 1075). *See also S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

[12] *McCallum Highlands v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of rehearing*, 70 F.3d 26 (5th Cir. 1995).

[13] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

[14] The matter is before the Court based on diversity of citizenship; thus, the Court must apply the substantive law of Louisiana to the facts of this case. In applying and interpreting Louisiana law, this Court looks to final decisions of the Louisiana Supreme Court for guidance under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).

or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

In order to prove the Defendant's liability under Section A, Plaintiff must demonstrate that the Defendant failed to meet its duty to use "reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition."[15] The duty imposed on a merchant under the statute "includes a reasonable effort to keep the premises free of any hazardous conditions which might reasonably give rise to damage."[16] However, a merchant "is not the insurer of the safety of his patrons ... [and] is not liable every time an accident happens."[17] In evaluating whether the effort taken to protect customers was reasonable, a court must look to the specific circumstances of each case, and "the degree of vigilance must be commensurate with the risk involved, as determined by the overall volume of business, the time of day, the section of the store and other relevant considerations."[18]

In the context of slip and fall cases, "a hazard is shown to exist when the fall results from a foreign substance on the floor or from an otherwise unreasonably slippery condition."[19] However, "if the risk of harm is obvious, universally known and easily avoidable, the risk is not unreasonable" and the defendant has no duty to warn or protect

---

[15] La. R.S. 9:2800.6(a).

[16] *Burnett v. M & E Food Mart, Inc.*, 2000-350 (La.App. 3 Cir. 11/15/00), 772 So.2d 393, 396 (quoting La.Rev.Stat. Ann § 9:2800.6(A)).

[17] *Hardman v. Kroger Co.*, 34,250 (La.App. 2 Cir. 12/6/00), 775 So .2d 1093, 1095 (citing *Ward v. ITT Specialty Risk Services, Inc.*, 31,990 (La.App. 2 Cir. 6/16/99), 739 So.2d 251; *Tanner v. Brookshire Grocery Co.*, 29,276 (La.App. 2 Cir. 4/2/97), 691 So.2d 871).

[18] *Id.* at 1095.

[19] *Stockwell v. Great Atlantic & Pacific Tea Company*, 583 So.2d 1186, 1188 (La. App. 1 Cir. 1991)(citing *Kinchen v. J.C. Penney Co.*, 426 So.2d 681 (La. App. 1 Cir. 1982)).

against it.[20]

The determination of the unreasonableness of a risk is a mixed question of law and fact that is the proper province of the jury or finder of fact.[21] In determining whether a condition presented an unreasonable risk of harm, a fact finder should "balance the intended benefit of the thing with its potential for harm and the cost of prevention."[22] This requires the fact finder to "decide whether the social value and utility of the hazard outweigh[s] and thus justif [ies] its potential harm."[23]

The Louisiana Supreme Court recently addressed this issue in *Broussard v. State, Office of State Buildings*.[24] In *Broussard*, a UPS delivery driver sustained injuries when he admittedly and voluntarily chose to attempt to traverse a building's visibly misaligned elevators, while maneuvering a loaded dolly (weighing approximately three hundred pounds), by attempting to push the dolly over a one and one-half to three-inch elevation caused by the elevator's misalignment. After his attempt was unsuccessful, he turned around, stepped backwards into the elevator, and attempted to pull the dolly over the elevation. "[T]he inertia created by the pull caused him to lose control of the load and forcefully pushed him into the back wall of the elevator," causing him to sustain a serious

---

[20] *Kilcrease v. Barnhills Buffet, Inc.*, No. 06-0365, 2007 WL 30623 (W.D. La. Jan. 3, 2007)(citing *Jennings v. Ryan's Family Steak Houses, East Inc.* No. 03-1598, 2005 U.S. Dist. LEXIS 32414, *7 (W.D. La. 2005)(citing *Durmon v. Billings*, 38,514-CA (La. App. 2 Cir. 3/12/04, 873 So.2d 872)).

[21] *Beckham v. Jungle Gym*, 45,325 (La.App. 2 Cir. 5/19/10), 37 So.3d 564, 568.

[22] *Watts v. Scottsdale Insurance Company*, 45,397 (La.App. 2 Cir. 6/30/10), 43 So.3d 266, 269 (citing *Pitre v. Louisiana Tech University*, 95-1466 (La. 5/10/96), 673 So.2d 585).

[23] *Id.*

[24] 2012-1238 (La. 4/5/13), 113 So.3d 175.

back injury. The victim sued, and after a jury trial, the jury awarded him approximately one and one-half million dollars, subject to reduction by the 38% fault the jury assigned to the victim.[25] On appeal, the appellate court reversed, finding the jury's conclusion that the elevator offset created an unreasonable risk of harm to be erroneous on the basis that, because the defect was open and obvious, it did not present a serious risk of harm. In doing so, the appellate court noted that the victim could have avoided his injuries by acting more reasonably under the circumstances.[26] The Louisiana Supreme Court reversed, holding:

> We have described the question of whether a defect presents an unreasonable risk of harm as "a disputed issue of mixed fact and law or policy that is peculiarly a question for the jury or trier of the facts." *Reed v. Wal–Mart Stores, Inc.*, 97–1174, p. 4 (La.3/4/98), 708 So.2d 362, 364 (quoting *Tillman v. Johnson*, 612 So.2d 70 (La.1993) (per curiam)). As a mixed question of law and fact, it is the fact-finder's role—either the jury or the court in a bench trial—to determine whether a defect is unreasonably dangerous. Thus, whether a defect presents an unreasonable risk of harm is "a matter wed to the facts" and must be determined in light of facts and circumstances of each particular case. *E.g., Dupree v. City of New Orleans*, 99–3651, pp. 13–14 (La.8/31/00), 765 So.2d 1002, 1012 (citation omitted); *Reed*, 97–1174 at p. 4, 708 So.2d at 364.

The *Broussard* court also stated: "It is axiomatic that the issue of whether a duty is owed is a question of law, and the issue of whether a defendant has breached a duty owed is a question of fact.[27] The judge decides the former, and the fact-finder—judge or

---

[25] *Id.* at 180-181.

[26] *Id.*

[27] *Id.* at 185, citing *Brewer v. J.B. Hunt Transp., Inc.*, 09–1408, p. 14 (La.3/16/10), 35 So.3d 230, 240 (citing *Mundy v. Dep't of Health and Human Res.*, 620 So.2d 811, 813 (La.1993)).

jury—decides the latter."[28] Ultimately, the Court concluded that, "while a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard. In other words, the fact-finder determines whether defendant has breached a duty to keep its property in a reasonably safe condition by failing to discover, obviate, or warn of a defect that presents an unreasonable risk of harm."[29]

Applying the foregoing law and jurisprudence to the facts of this case, the Court finds that genuine issues of material fact exist which preclude summary judgment in this matter. The Court finds that several disputed facts regarding the existence of the hazard and whether the Defendants had constructive notice of this alleged hazard. Plaintiff has presented summary judgment evidence from which a reasonable juror could conclude that the Defendant had notice of the allegedly leaking cooler. Furthermore, the fact that Defendant placed a "Wet Floor" sign near the area, which is curious in light of Defendant's argument that the cooler was not leaking on the date in question, does not absolve the Defendant of all liability. Under the law, "[p]rotective measures established by a merchant, even if, in theory, [are] reasonable to combat a possible hazard inside the merchant's place of business, [they] are of no effect if not properly implemented."[30] While Winn-Dixie claims

---

[28] *Id.*

[29] *Id.*

[30] *Kilcrease*, at *3, quoting *Barton v. Wal-Mart Stores,* 97-801, p. 11 (La. App. 3 Cir. 12/10/97), 704 So.2d 361, 367; *see also Pollet v. Sears Roebuck & Co.*, No. 00-3654, 2001 U.S. Dist. LEXIS 16321, *10 (E.D. La. 2001)(internal quotation marks omitted)).

it took reasonable steps to protect its customers of a potentially slippery floor, Plaintiff has offered contradictory evidence showing that the placement of the warning signs was ineffective. The Court finds there is a genuine issue of material fact whether Winn-Dixie exercised reasonable care in this case. Thus, Plaintiff's *Motion for Partial Summary Judgment* is DENIED, and the Defendants' *Motion for Summary Judgment* is DENIED at to Defendant Winn-Dixie but GRANTED as to Defendant Hewitt Lee.

## III. CONCLUSION

For the reasons set forth above, the *Motion for Partial Summary Judgment*[31] by Plaintiff Rexina Smith is DENIED. The *Motion for Summary Judgment*[32] by Defendant Winn-Dixie is also DENIED. The *Motion for Summary Judgment*[33] by Defendant Hewitt Lee is GRANTED, and he is dismissed from this case.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on June 17, 2014.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[31] Rec. Doc. No. 13.

[32] Rec. Doc. No. 21.

[33] Rec. Doc. No. 21.